**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CHRIS GOFFREDO,,**

                            **Plaintiff,**

**v.**

                                                            **25-CV-492V(Sr)**

**LIAZON CORPORATION,**

                            **Defendant.**

---

## <u>ORDER</u>

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, for all pretrial matters  and to hear and report upon dispositive motions. Dkt. #10.

Plaintiff commenced this action in New York State Supreme Court, Erie County, alleging wrongful termination of his employment due to disability in violation of New York Executive Law § 296 . Dkt. #1. Defendant removed the action to this Court based upon diversity of citizenship as provided under 28 U.S.C. § 1332.

A Case Management Order issued on July 30, 2025 setting a discovery deadline of March 6, 2026. Dkt. #13.

On February 14, 2026, defendant moved for a second extension of the Case Management Order because defendant was still waiting for complete responses

to document demands, including executed authorizations for the release of medical and

other records. Dkt. #18, ¶ 6. The Court granted the extension. Dkt. #19.

By letter dated March 9, 2026, defendant requested a conference with the

Court because

> counsel for Plaintiff advised us on multiple occasions that
> complete responses to the discovery demands, including the
> executed authorizations, would be forthcoming, but we still
> have not received them, and therefore do not have the
> medical or other records to conduct the deposition of
> Plaintiff.

Dkt. #20. During a conference with the Court on March 24, 2026, the Court directed

plaintiff's counsel to provide outstanding discovery, including medical authorizations, to

defense counsel no later than 4/3/2026 and to thereafter file a status report with the

Court, at which time the Court would issue a Third Amended Case Management Order.

Dkt. #22.

On April 10, 2026, plaintiff's counsel reported that he had provided signed

authorizations for medical records requested by defense counsel. Dkt. #23.

By letter dated June 17, 2026, defense counsel reports that they have not

received executed medical authorizations. Dkt. #25.

In light of the divergence between plaintiff's status report and defense

counsel's most recent letter, plaintiff's counsel is directed, no later than **July 2, 2026**, to

provide an affirmation attaching copies of the authorizations provided to defense counsel as set forth in his status report dated April 10, 2026.

The Court notes that plaintiff did not object to the relevance or scope of defendant's discovery demands nor has plaintiff sought an extension of time to comply with the Court's directive to provide outstanding discovery, including requests for medical authorizations. To the extent that any discovery remains outstanding, plaintiff is forewarned that his continued failure to comply with his discovery obligations and the directives of this Court risks preclusion of his ability to present evidence related to such issues and could result in a recommendation that this matter be dismissed with prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

**SO ORDERED.**

DATED:      Buffalo, New York
            June 22, 2026

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**